UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D2 HOLDINGS LLC,<br><br>  PLAINTIFF and<br>  DEFENDANT-IN-<br>  COUNTERCLAIM,<br><br>v.<br><br>MRC II DISTRIBUTION COMPANY,<br>L.P.<br><br>  DEFENDANT and<br>  PLAINTIFF-IN-<br>  COUNTERCLAIM,<br><br>and<br><br>INTERNATIONAL GAMES<br>TECHNOLOGY, INC.,<br><br>  DEFENDANT. | CIVIL ACTION NO. 1:16-CV-10453-DPW |

## ANSWER AND COUNTERCLAIM

The defendants MRC II Distribution Company, L.P. ("MRC") and International Game Technology, Inc. ("IGT") (collectively, "Defendants") answer the numbered paragraphs of the complaint in the above-captioned case as follows:

1.      Answering paragraph 1 of the Complaint, Defendants lack sufficient information and belief on which to admit or deny the allegations, and on that basis the allegations are denied in their entirety.

2.      Answering paragraph 2 of the Complaint, Defendants admit that MRC II Distribution Company, L.P. is a Delaware limited partnership. Defendants deny the balance of the allegations in paragraph 2.

931815.1

3.      Answering paragraph 3 of the Complaint, Defendants admit the allegations.

4.      Answering paragraph 4 of the Complaint, Defendants admit that they are not contesting personal jurisdiction in this case. Defendants deny all remaining allegations in paragraph 6.

5.      Answering paragraph 5 of the Complaint, Defendants admit that this purports to be an action for trademark infringement and that the Court has subject matter jurisdiction. Defendants deny all remaining allegations in paragraph 5.

6.      Answering paragraph 6 of the Complaint, Defendants admit that they are not contesting personal jurisdiction in this case. Defendants deny all remaining allegations in paragraph 6.

7.      Answering paragraph 7 of the Complaint, Defendants admit that they are not contesting venue in this case. Defendants deny all remaining allegations in paragraph 7.

8.      Answering paragraph 8 of the Complaint, Defendants lack sufficient information and belief on which to admit or deny the allegations, and on that basis the allegations are denied in their entirety.

9.      Answering paragraph 9 of the Complaint, Defendants lack sufficient information and belief on which to admit or deny the allegations, and on that basis the allegations are denied in their entirety.

10.      Answering paragraph 10 of the Complaint, Defendants lack sufficient information and belief on which to admit or deny the allegations, and on that basis the allegations are denied in their entirety.

931815.1

11.     Answering paragraph 11 of the Complaint, Defendants lack sufficient information and belief on which to admit or deny the allegations, and on that basis the allegations are denied in their entirety.

12.     Answering paragraph 12 of the Complaint, Defendants lack sufficient information and belief on which to admit or deny the allegations, and on that basis the allegations are denied in their entirety.

13.     Answering paragraph 13 of the Complaint, Defendants lack sufficient information and belief on which to admit or deny the allegations, and on that basis the allegations are denied in their entirety.

14.     Answering paragraph 14 of the Complaint, Defendants lack sufficient information and belief on which to admit or deny the allegations, and on that basis the allegations are denied in their entirety.

15.     Answering paragraph 15 of the Complaint, Defendants deny the allegations.

16.     Answering paragraph 16 of the Complaint, Defendants admit that MRC is a film and television producer that produces the television show *House of Cards*, which first aired in the United States on Netflix on or about February 1, 2013. Defendants deny all remaining allegation in paragraph 16.

17.     Answering paragraph 17 of the Complaint, Defendants aver that the television show *House of Cards* speaks for itself and is the best evidence of its contents. Except as expressly stated above, Defendants deny the allegations in paragraph 17 in their entirety.

18.     Answering paragraph 18 of the Complaint, Defendants admit that MRC attempted to register the mark HOUSE OF CARDS. Defendants admit they have not received a registration for HOUSE OF CARDS. Defendants deny all remaining allegations in paragraph 18.

931815.1

19.     Answering paragraph 19 of the Complaint, Defendants admit the allegations.

20.     Answering paragraph 20 of the Complaint, Defendants admit that MRC abandoned the cited application. Defendants deny all remaining allegations in paragraph 20.

21.     Answering paragraph 21 of the Complaint, Defendants admit the allegations.

22.     Answering paragraph 22 of the Complaint, Defendants admit they abandoned the cited application. Defendants deny all remaining allegations in paragraph 22.

23.     Answering paragraph 23 of the Complaint, Defendants admit that they filed Application No. 86/739,954 and Application No. 86/739,656, which applications are the best evidence of their contents. Defendants deny all remaining allegations in paragraph 23.

24.     Answering paragraph 24 of the Complaint, Defendants admit the United States Patent & Trademark Office ("PTO") issued an Office Action preliminarily refusing registration of the trademarks applied for in Application No. 86/739,954 and Application No. 86/739,656. Defendants deny all remaining allegations in paragraph 24.

25.     Answering paragraph 25 of the Complaint, Defendants admit that MRC has licensed the HOUSE OF CARDS mark. Defendants deny all remaining allegations in paragraph 25.

26.     Answering paragraph 26 of the Complaint, Defendants admit that MRC has licensed the HOUSE OF CARDS mark to IGT for use in connection with slot machines, slot style internet for wager games, and slot style social games. Defendants admit that Plaintiffs did not consent to the license. Defendants deny all remaining allegations in paragraph 26.

27.     Answering paragraph 27 of the Complaint, Defendants admit that in 2015, IGT announced at the 2015 Global Gaming Expo that it was introducing two new slot games called "House of Cards Power and Money" and "House of Cards Welcome to Washington." Defendants

admit that these slot games are in the process of being installed in certain casinos. Defendants deny all remaining allegations in paragraph 27.

28.     Answering paragraph 28 of the Complaint, Defendants admit the allegations.

29.     Answering paragraph 29 of the Complaint, Defendants admit that MRC has licensed the HOUSE OF CARDS mark for merchandise including tee shirts. Defendants deny all remaining allegations in paragraph 29.

30.     Answering paragraph 30 of the Complaint, Defendants deny the allegations in their entirety.

31.     Answering paragraph 31 of the Complaint, Defendants lack sufficient information and belief on which to admit or deny the allegations relating to Plaintiffs' first use of the mark, and on that basis these allegations are denied. Defendants admit that certain applications filed by MRC for the HOUSE OF CARDS mark were preliminarily refused by the PTO. Defendants deny all remaining allegations in paragraph 31.

32.     Answering paragraph 32 of the Complaint, Defendants deny the allegations in their entirety.

33.     Answering paragraph 33 of the Complaint, Defendants admit that MRC received a letter on or about October 19, 2015 regarding this matter. Defendants deny all remaining allegations in paragraph 33.

34.     Answering paragraph 34 of the Complaint, Defendants admit that MRC has licensed its HOUSE OF CARDS mark without the consent of Plaintiffs. Defendants deny all remaining allegations in paragraph 34.

35.     Answering paragraph 35 of the Complaint, Defendants deny the allegations in their entirety.

## CLAIMS FOR RELIEF

### COUNT I (BOTH DEFENDANTS)
### INFRINGEMENT OF A REGISTERED TRADEMARK (FEDERAL)

36.     Answering paragraph 36 of the Complaint, Defendants incorporate their admissions and denials in response to paragraph 1 through 35 as if fully set forth herein.

37.     Answering paragraph 37 of the Complaint, Defendants deny the allegations in their entirety.

38.     Answering paragraph 38 of the Complaint, Defendants deny the allegations in their entirety.

39.     Answering paragraph 39 of the Complaint, Defendants deny the allegations in their entirety.

40.     Answering paragraph 40 of the Complaint, Defendants deny the allegations in their entirety.

41.     Answering paragraph 41 of the Complaint, Defendants deny the allegations in their entirety.

42.     Answering paragraph 42 of the Complaint, Defendants deny the allegations in their entirety.

### COUNT II (BOTH DEFENDANTS)
### TRADEMARK DILUTION (FEDERAL)

43.     Answering paragraph 43 of the Complaint, Defendants incorporate their admissions and denials in response to paragraph 1 through 42 as if fully set forth herein.

44.     Answering paragraph 44 of the Complaint, Defendants deny the allegations in their entirety.

931815.1

45.     Answering paragraph 45 of the Complaint, Defendants deny the allegations in their entirety.

46.     Answering paragraph 46 of the Complaint, Defendants deny the allegations in their entirety.

47.     Answering paragraph 47 of the Complaint, Defendants deny the allegations in their entirety.

48.     Answering paragraph 48 of the Complaint, Defendants deny the allegations in their entirety.

49.     Answering paragraph 49 of the Complaint, Defendants deny the allegations in their entirety.

50.     Answering paragraph 50 of the Complaint, Defendants deny the allegations in their entirety.

**COUNT III (BOTH DEFENDANTS)**
**<u>TRADEMARK INFRINGEMENT (COMMON LAW)</u>**

51.     Answering paragraph 51 of the Complaint, Defendants incorporate their admissions and denials in response to paragraph 1 through 50 as if fully set forth herein.

52.     Answering paragraph 52 of the Complaint, Defendants deny the allegations in their entirety.

53.     Answering paragraph 53 of the Complaint, Defendants deny the allegations in their entirety.

54.     Answering paragraph 54 of the Complaint, Defendants deny the allegations in their entirety.

55.     Answering paragraph 55 of the Complaint, Defendants deny the allegations in their entirety.

931815.1

56.     Answering paragraph 56 of the Complaint, Defendants deny the allegations in their entirety.

57.     Answering paragraph 57 of the Complaint, Defendants deny the allegations in their entirety.

58.     Answering paragraph 58 of the Complaint, Defendants deny the allegations in their entirety.

**COUNT IV (BOTH DEFENDANTS)**
**UNFAIR COMPETITION UNDER MASSACHUSETTS**
**GENERAL LAWS CHAPTER 93A § 11**

59.     Answering paragraph 59 of the Complaint, Defendants incorporate their admissions and denials in response to paragraph 1 through 58 as if fully set forth herein.

60.     Answering paragraph 60 of the Complaint, Defendants admit that certain products bearing the mark HOUSE OF CARDS have sold in Massachusetts, and that the television series *House of Cards* has been available to residents of Massachusetts. Defendants admit that their uses of the mark have been without Plaintiff's consent. Defendants deny the remaining allegations in paragraph 60.

61.     Answering paragraph 61 of the Complaint, Defendants deny the allegations in their entirety.

62.     Answering paragraph 62 of the Complaint, Defendants deny the allegations in their entirety.

63.     Answering paragraph 63 of the Complaint, Defendants deny the allegations in their entirety.

64.     Answering paragraph 64 of the Complaint, Defendants deny the allegations in their entirety.

65.     Answering paragraph 65 of the Complaint, Defendants deny the allegations in their entirety.

66.     Answering paragraph 66 of the Complaint, Defendants deny the allegations in their entirety.

**COUNT V (BOTH DEFENDANTS)**
**UNFAIR COMPETITION (COMMON LAW)**

67.     Answering paragraph 67 of the Complaint, Defendants incorporate their admissions and denials in response to paragraph 1 through 66 as if fully set forth herein.

68.     Answering paragraph 68 of the Complaint, Defendants deny the allegations in their entirety.

69.     Answering paragraph 69 of the Complaint, Defendants deny the allegations in their entirety.

70.     Answering paragraph 70 of the Complaint, Defendants deny the allegations in their entirety.

71.     Answering paragraph 71 of the Complaint, Defendants deny the allegations in their entirety.

72.     Answering paragraph 72 of the Complaint, Defendants deny the allegations in their entirety.

73.     Answering paragraph 73 of the Complaint, Defendants deny the allegations in their entirety.

74.     Answering paragraph 74 of the Complaint, Defendants deny the allegations in their entirety.

931815.1

## FIRST AFFIRMATIVE DEFENSE

### (Laches)

1.       Plaintiff's claims are barred in whole or in part by the doctrine of laches and undue delay in raising its claims because plaintiff was aware of MRC's use of HOUSE OF CARDS in connection with its television show since at least February 1, 2013 and refrained from bringing a claim. MRC adopted the HOUSE OF CARDS mark in 2013 in good faith, based upon a license of underlying rights from a mark holder who has trademark priority over Plaintiff. MRC will be prejudiced if the plaintiff were permitted to assert its rights in Massachusetts at this time.

## SECOND AFFIRMATIVE DEFENSE

### (Priority)

2.       Plaintiff's claim is barred because Defendants have priority in the HOUSE OF CARDS mark as the result of their licensing of that mark from a party with prior rights to Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

3.       Plaintiff, by its actions, conduct and omissions, has waived and is estopped from asserting any right to recovery on each count.

## FOURTH AFFIRMATIVE DEFENSE

### (M.G.L. c. 93A)

4.       Plaintiff's claim under M.G.L. c. 93A is barred because the harm alleged did not occur primarily and substantially in Massachusetts.

931815.1

### FIFTH AFFIRMATIVE DEFENSE

**(Acquiescence)**

5.      Plaintiff's claim is barred by the doctrine of acquiescence.

### SIXTH AFFIRMATIVE DEFENSE

**(Abandonment)**

6.      Plaintiff's claim is barred because Plaintiff abandoned the HOUSE OF CARDS trademark, including, on information and belief, as the result of its naked licensing of the mark.

### SEVENTH AFFIRMATIVE DEFENSE

**(Fraudulent Procurement Of Registration)**

7.      Plaintiff's claims are barred in whole or part because, on information and belief, U.S. Trademark Registration No. 3,642,647 (the "Registration") was fraudulently procured.

8.      Plaintiff filed its application for the Registration on October 17, 2008 pursuant to Section 1(a) of the Lanham Act. Plaintiff sought registration of HOUSE OF CARDS in International Class 41 for numerous services, including, among other things, "[e]ntertainment in the nature of an on-going special variety, news, music, or comedy show featuring games of chance and poker broadcast over television, satellite, audio, and video media." Plaintiff filed a declaration under oath attesting that it had used the mark in connection with each of these services. The PTO subsequently issued Plaintiff a registration for use of the mark in connection with each of these services (and others).

9.      Defendants are informed and believe, and based thereon allege, that Plaintiff's application and declaration were knowingly false. Defendants are informed and believe, and based thereon allege, that Plaintiff had not used the HOUSE OF CARDS mark in connection with all of the services listed in its application at the time of the application, including

931815.1

entertainment "broadcast over television." Defendants are informed and believe, and based thereon allege, that Plaintiff has never used the mark in commerce in connection with a television show, let alone at the time it filed its application and supporting declaration.

10.     Defendants are informed and believe, and based thereon allege, that Plaintiff knowingly misstated the services as to which it has used the mark in order to induce the PTO to issue the Registration. Defendants are informed and believe, and based thereon allege, that Plaintiff's misrepresentations to the PTO were material, and that the PTO was induced by these misrepresentations to issue the Registration.

11.     Defendants are informed and believe, and based thereon allege, that the Registration and any other registrations owned by Plaintiff for the mark HOUSE OF CARDS are invalid and/or unenforceable due to Plaintiff's fraudulent procurement of the Registration.

## ADDITIONAL AFFIRMATIVE DEFENSES

12.     Defendants hereby give notice that they intend to rely on such other and further defenses as may become available during the discovery proceedings in the action and hereby reserves their right to amend their Answer.

WHEREFORE, Defendants asks that the Court:

1.     Dismiss the Complaint, with D2 Holdings LLC recovering nothing;

2.     Award Defendants their attorneys' fees and costs of suit; and

3.     Award such other and further relief as the Court deems just and proper.

## DEFENDANTS DEMAND A TRIAL BY JURY ON ALL COUNTS SO TRIABLE

931815.1

## COUNTERCLAIMS

Defendant and Counterclaimant MRC Distribution Company II, L.P. ("MRC") hereby counterclaims against Plaintiff and Counter-Defendant D2 Holdings LLC ("D2) as follows:

## JURISDICTION AND VENUE

1.       This action arises under the Lanham Act, 15 U.S.C. §§ 1119, 1120, and 1125(a). Jurisdiction is based upon 15 U.S.C. § 1121(a), 28 U.S.C. § 1331, 1332, and 1338. Jurisdiction is further proper under the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

2.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

3.       MRC is, and at all relevant times relevant herein was, a limited partnership organized and existing under the laws of the State of Delaware with its principal place of business in Los Angeles County, California.

4.       MRC is informed and believes, and based thereon alleges, that D2 is a Massachusetts limited liability company with its principal place of business in Quincy, Massachusetts.

## FIRST COUNTERCLAIM

**(Cancellation of D2's Trademark Registration(s) – Fraud In the Procurement)**

5.       MRC incorporates by reference the allegations contained in Paragraphs 1-4 above, as well as the allegations contained in its Seventh Affirmative Defense, as though fully set forth herein.

6.       D2 is the alleged successor-in-interest to U.S. Trademark Registration No. 3,642,647 (the "Registration") for use of the mark HOUSE OF CARDS ("Trademark" or

931815.1

"Mark"). MRC is informed and believes, and based thereon alleges, that D2 and/or its predecessor in interest procured the Registration through fraud.

13.     D2 filed its application for the Registration on October 17, 2008 pursuant to Section 1(a) of the Lanham Act. Plaintiff sought registration of HOUSE OF CARDS in International Class 41 for numerous services, including, among other things, "[e]ntertainment in the nature of an on-going special variety, news, music, or comedy show featuring games of chance and poker broadcast over television, satellite, audio, and video media." D2 filed a declaration under oath attesting that it had used the mark in connection with each of these services. The PTO subsequently issued D2 a registration for use of the mark in connection with each of these services and others.

14.     MRC is informed and believes, and based thereon alleges, that Plaintiff's application and declaration were knowingly false. MRC is informed and believes, and based thereon alleges, that neither D2 nor its predecessor in interest had used the HOUSE OF CARDS mark in connection with all of the services listed in its application at the time of the application, including entertainment "broadcast over television." MRC is informed and believes, and based thereon alleges, that D2 has never used the mark in commerce in connection with a television program, let alone at the time it filed its application and supporting declaration.

15.     MRC is informed and believes, and based thereon alleges, that D2 knowingly misstated the services as to which it has used the mark in order to induce the PTO to issue the Registration. MRC is informed and believes, and based thereon alleges, that Plaintiff's misrepresentations to the PTO were material, and that the PTO was induced by these misrepresentations to issue the Registration.

931815.1

7.      MRC is informed and believes, and based thereon alleges, that the Registration and any other registrations owned by Plaintiff for the mark HOUSE OF CARDS are invalid and/or unenforceable due to D2's fraudulent procurement of the Registration. D2's trademark registration is subject to cancellation pursuant to 15 U.S.C. § 1119.

WHEREFORE, MRC prays for judgment as follows:

1.      That the Court exercise its power under 15 U.S.C. § 1119 to order the Commissioner of Patents and Trademarks to cancel U.S. Trademark Registration No. 3,642,647 and any related registrations owned by D2;

2.      For MRC's attorneys' fees and costs; and

3.      For such other and further relief as the Court may deem just and proper.

**COUNTERCLAIMANT DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE**

Respectfully submitted,

for DEFENDANTS MRC II
DISTRIBUTION COMPANY, L.P. AND
INTERNATIONAL GAMES
TECHNOLOGY, INC.

/s/ Lee T. Gesmer
Lee T. Gesmer
Lee T. Gesmer (BBO No. 190260)
GESMER UPDEGROVE LLP
40 Broad Street
Boston, MA 92109
Tel: 617.350.6800
lee.gesmer@gesmer.com

*Pro hac vice application pending*:

/s/ Michael J. Kump
_____
Michael J. Kump
Michael J. Kump (CA SBN 100983)
Gregory Korn (CA SBN 205306)
KINSELLA WEITZMAN ISER
KUMP & ALDISERT LLP
808 Wilshire Boulevard, 3rd Floor
Santa Monica, CA 90401
Tel: 310.566.9800
mkump@kwikalaw.com
gkorn@kwikalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2016 I electronically filed the foregoing with the Clerk for the United States District Court for the District of Massachusetts by using the CM/ECF system. I certify that all participants in the case are registered with CM/ECF.

/s/ Lee T. Gesmer
_____
Lee T. Gesmer

931815.1