UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D2 HOLDINGS, LLC,<br><br>    PLAINTIFF and DEFENDANT-IN-COUNTERCLAIM,<br><br>v.<br><br>MRC II DISTRIBUTION COMPANY, L.P.<br><br>    DEFENDANT and PLAINTIFF-IN-COUNTERCLAIM,<br><br>and<br><br>INTERNATIONAL GAMES TECHNOLOGY, INC.,<br><br>    DEFENDANT. | CIVIL ACTION NO. 1:16-CV-10453-DPW |

**INITIAL DISCLOSURES OF PLAINTIFF D2 HOLDINGS, LLC**

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiff D2 Holdings, LLC ("D2"), by and through its counsel, and to the best of its knowledge at this time, hereby serves its initial disclosures to Defendants MRC II Distribution Company, L.P. and International Games Technology, Inc. (collectively, "Defendants").

By making the following disclosures, D2 does not represent that it is identifying every document, tangible thing, or witness potentially relevant to this suit. These disclosures are made without waiving the right to object on any basis permitted by the Federal Rules of Civil Procedure, the Federal Rules of Evidence and/or the Local Civil Rules of the U.S. District Court for the District of Massachusetts, and without any concession, agreement, admission or waiver

10740840.1

regarding relevance, competency, materiality, admissibility, or discoverability of particular documents or information for any purpose, and without waiver of any attorney-client, work product, or other privilege or immunity.  D2 continues to investigate the facts pertinent to this action and reserves the right to amend and/or further supplement these disclosures under Federal Rule of Civil Procedure 26(e)(1) as additional information becomes available.

I. **Fed. R. Civ. P. 26(a)(1)(A)(i) Disclosure of Individuals Likely to Have Discoverable Information.**

Pursuant to Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure, D2 discloses the following individuals likely to have discoverable information that it may use to support its claims, counterclaims, or defenses, except solely for impeachment, along with the subjects of the information.

| Name | Subject Matter |
|---|---|
| Corporate representative(s) of D2 c/o D2's counsel | D2's (or predecessor's; hereinafter "D2") first use of the Mark; D2's application for and registration of the Mark; D2's use and advertising of the Mark; D2's licensing of the Mark; D2's revenues from use of the Mark; D2's expenses concerning the Mark; the likelihood of confusion arising from the parties' use of the Mark; D2's damages. |
| David Weischadle II c/o Plaintiff's counsel | D2's (or predecessor's; hereinafter "D2") first use of the Mark; D2's application for and registration of the Mark; D2's use and advertising of the Mark; D2's licensing of the Mark; D2's revenues from use of the Mark; D2's expenses concerning the Mark; the likelihood of confusion arising from the parties' use of the Mark; D2's damages. |
| Douglas E. Weischadle c/o Plaintiff's counsel | D2's (or predecessor's; hereinafter "D2") first use of the Mark; D2's application for and registration of the Mark; D2's use and advertising of the Mark; D2's licensing of the Mark; D2's revenues from use of the Mark; D2's expenses concerning the Mark; the likelihood of confusion arising from the parties' use of the Mark; D2's |

| | |
|---|---|
| | damages. |
| Corporate representatives(s) of MRC c/o Defendants' counsel | The licensing of rights to the trademark HOUSE OF CARDS (the "Mark") by MRC and/or its affiliates; the prior use of the Mark by Defendants' predecessors-in-interest; Defendants' use and advertising of the Mark in connection with the accused goods and services; Defendants' revenues received and costs incurred in connection with their use of the Mark on casino and computer games and other merchandise; the likelihood of actual confusion arising from Defendants' use of the Mark. |
| Corporate representative(s) of IGT c/o Defendants' counsel | Defendants' use and advertising of the Mark in connection with the accused goods and services; Defendants' revenues received and costs incurred in connection with their use of the Mark on casino and computer games and other merchandise; the lack of actual confusion arising from Defendants' use of the Mark. |
| Corporate representative(s) of Granary Way Media, LLC c/o Plaintiff's counsel | D2's (or predecessor's; hereinafter "D2") first use of the Mark; D2's application for and registration of the Mark; D2's use and advertising of the Mark; D2's licensing of the Mark; D2's revenues from use of the Mark; D2's expenses concerning the Mark; the likelihood of confusion arising from the parties' use of the Mark; D2's damages. |

D2 further identifies all persons and entities disclosed by any other party to this litigation as part of its Rule 26(a) disclosures. Other individuals, including but not limited to agents, representatives, or employees of the parties, may have knowledge concerning certain of the claims, counterclaims, and allegations in the Complaint and in Defendants' Answer and Counterclaim, D2's investigation of the claims and counterclaims asserted in this suit is ongoing and D2's counsel is attempting to identify any such additional individuals, who will be disclosed in supplemental disclosures.

10740840.1

**II.     Fed. R. Civ. P. 26(a)(1)(A)(ii) Description of Documents and Electronically Stored Information.**

D2's investigation of the claims and counterclaims asserted in this suit is ongoing and D2 is in the process of identifying documents that it may use to support its claims, counterclaims, and defenses.  Pursuant to Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, and based upon currently available information, D2 discloses and describes the following categories of documents, electronically stored information, and tangible things (collectively, "documents") that are in its possession, custody or control, and that it may use to support its claims, counterclaims, or defenses, except for those categories relating solely to impeachment.

1. Documents relating to D2's application to register the Mark.
2. Agreements relating to D2's licensing of rights to the Mark.
3. Documents relating to D2's licensing of rights in any relevant Mark.
4. Documents and things relating to D2's use of the Mark in connection with casino and computer games and other merchandise, including photographs of such goods, and in advertising as potential material on websites and elsewhere concerning radio and potential television programming in support of casino and other gaming.
5. Documents and things relating to the use of any Mark in commerce by Defendants' predecessors-in-interest.
6. Documents and things relating to Defendants' use of the Mark.
7. Documents relating to revenues earned and costs incurred with respect to Defendants' use of the Mark in connection with casino and computer games and other merchandise.

These initial disclosures are not a representation that D2 will in fact rely upon such documents at trial.  In addition, D2's investigation of the claims and counterclaims asserted in

10740840.1

this suit is ongoing and D2 expressly reserves the right to amend these disclosures to conform them to the facts as new information is discovered and to the extent that such information is not otherwise made known to Defendants during the discovery process or in writing, pursuant to Federal Rule of Civil Procedure 26€(1)(A).

**III.     Fed. R. Civ. P. 26(a)(1)(A)(iii) Disclosure of Computation of Damages.**

D2 has yet to calculate an affirmative claim for damages.

**IV.     Fed. R. Civ. P. 26(a)(1)(A)(iv) Disclosure of Insurance Agreements.**

Not applicable to D2.

Respectfully submitted,

D2 HOLDINGS, LLC

By its Attorneys
PRETI FLAHERTY BELIVEAU &
PACHIOS, PLLP

Dated: July 14, 2016            */s/ William C. Saturley*
                                William C. Saturley (BBO 442800)
                                60 State Street, Suite 1100
                                Boston, MA 02109
                                617-226-3857
                                wsaturley@preti.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2016, a true copy of the foregoing document was served by electronic mail upon counsel for all other parties in the above-referenced action.

*/s/ William C. Saturley*
William C. Saturley